# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3241

_____

Jane E. Bonneville,               *
                                           *

               Appellant,      *

                                         *   Appeal from the United States

      v.                     *   District Court for the District

                                         *   of Minnesota.

Blue Cross and Blue Shield of      *

Minnesota, also known as BCBSM,   *        [UNPUBLISHED]

Inc.,                              *

                                         *

               Appellee.      *

_____

Submitted:  May 8, 2000

Filed:  May 30, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jane E. Bonneville appeals the district court's adverse grant of summary judgment to Blue Cross and Blue Shield of Minnesota (BCBSM) on Bonneville's Americans with Disabilities Act (ADA) claim.  We affirm.

Shortly after Bonneville began working for BCBSM in 1971, she suffered a head injury in a car accident.  Although Bonneville experienced short term memory loss and difficulty learning because of the injury, she was eventually able to compensate for the

losses and her work performance was satisfactory throughout her tenure. From the late 1980s until her termination in 1997, however, Bonneville demonstrated problematic behavior toward coworkers and supervisors, which included making inappropriate comments and gestures and using foul language. Bonneville received warnings or suspensions for this behavior in October 1989, July 1993, December 1993, September 1994, December 1994, July 1996, and March 1997. Bonneville's behavior improved for a time after each disciplinary action, but the inappropriate behavior would then recur. BCBSM fired Bonneville in September 1997. After posttermination medical and psychological examinations showed Bonneville had "marked impairment in delayed memory, mental tracking, and foresight and planning ability" because of the 1971 head injury, Bonneville filed her ADA claim, alleging BCBSM terminated her because of a disability. The district court granted summary judgment to BCBSM because "[Bonneville] [could] not demonstrate that she was or is disabled within the meaning of the ADA . . ., that [BCBSM] knew of her disability, that [BCBSM] failed to reasonably accommodate her, and that [Bonneville] was an otherwise qualified individual with a disability." Bonneville appeals.

Bonneville contends summary judgment was improper because she established a prima facie case showing BCBSM violated the ADA by failing to accommodate her learning and memory impairments and her impulse control problems. We disagree. The ADA requires reasonable accommodation of known physical or mental limitations of an otherwise qualified employee with a disability. See 42 U.S.C. § 12112(b)(5)(A) (1994). Although the evidence showed BCBSM knew about Bonneville's learning and memory impairments, the district court recognized that those problems did not require a reasonable accommodation because Bonneville repeatedly asserted that she had learned to compensate for them and her job performance reviews revealed no learning or memory based problems. The district court also properly concluded the evidence did not create a question of fact about Bonneville's impulse control problems because: 1) Bonneville's behavior problems were not "'[such] obvious[] manifestations of an underlying disability that it would be reasonable to infer that [BCBSM] actually knew

of the disability,'" <u>Miller v. National Cas. Co.</u>, 61 F.3d 627, 630 (8th Cir. 1995) (citation omitted); 2) Bonneville did not specifically ask for an accommodation, <u>see</u> <u>Fjellestad v. Pizza Hut of Am., Inc.</u>, 188 F.3d 944, 952 (8th Cir. 1999), and the circumstances surrounding Bonneville's outbursts and her mental limitations did not put BCBSM on notice that she wanted an accommodation, <u>see</u> <u>Taylor v. Phoenixville Sch. Dist.</u>, 184 F.3d 296, 313 (3d Cir. 1999); and 3) Bonneville was not otherwise qualified because "anti-discrimination statutes do not insulate an employee from discipline for violating the employer's rules or disrupting the workplace," <u>Kiel v. Select Artificials, Inc.</u>, 169 F.3d 1131, 1136 (8th Cir.), <u>cert. denied</u>, 120 S. Ct. 59 (1999). Having reviewed the record and the parties' submissions in the context of Bonneville's contentions, we see no error by the district court. We thus affirm the grant of summary judgment to BCBSM.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.